## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID C. SHARP,

                Plaintiff,

    *v.*

GT CAPITOL, LLC,

and

WASHINGTON SPORTS &
ENTERTAINMENT, INC.,

                Defendants.

Case No. 1:07-cv-01627ESH

## ANSWER OF WASHINGTON SPORTS & ENTERTAINMENT, INC.

Washington Sports & Entertainment, Inc. ("Washington Sports") a defendant herein, by counsel, answers the Complaint as follows:

1. Paragraph 1 is a jurisdictional statement to which no response is required. If a response was required, Washington Sports would deny that there is any basis for Plaintiff's claim.

2. Paragraph 2 is a jurisdictional statement to which no response is required. If a response was required, Washington Sports would deny that there is any basis for Plaintiff's claim.

3. Washington Sports admits venue is appropriate but denies that any acts giving rise to a claim have occurred in the District of Columbia or elsewhere.

4. Washington Sports is without sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 4.

5.      Admitted except Defendant Washington Sports is without sufficient information to admit or deny the trade name alleged.

6.      Admits that Washington Sports is a District of Columbia corporation and denies the further allegations in paragraph 6.

7.      Admitted.

8.      Paragraph 8 is Plaintiff's discussion of Title III of the ADA.  Washington Sports states that the actual statute speaks for itself.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Denied.

13.      Defendant Washington Sports is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13 that Plaintiff has visited the Restaurant and Arena and has eaten at the restaurant and demands proof thereof.  Defendant Washington Sports denies the further allegations of Paragraph 13.

14.      Defendant Washington Sports demands proof of the allegations of Paragraph 14 and absent such proof, denies those allegations.

Defendant Washington Sports denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint or to any other relief.

### ADDITIONAL DEFENSES

In further response to the Complaint, Defendant Washington Sports states the following affirmations and other defenses:

DC:1151487v1

**FIRST DEFENSE**

The Complaint fails to state a claim in whole or in part upon which relief may be granted as to Washington Sports.

**SECOND DEFENSE**

The allegations of the Complaint are barred in whole or in part by the applicable statute of limitations and/or other provisions of law.

**THIRD DEFENSE**

Any alleged non-compliance, if it existed, was *de minimus* in nature and did not materially affect the ability of Plaintiff to have full and equal enjoyment of the Restaurant.

**FOURTH DEFENSE**

Assuming solely arguendo that any non-compliance existed at the Restaurant, the sole responsibility for such non-compliance is that of the Restaurant, the other Defendant herein.

**FIFTH DEFENSE**

Assuming solely arguendo that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are de minimus and within construction tolerances.

**SIXTH DEFENSE**

All actions taken by Washington Sports with respect to the design and construction of the facility in question were taken in good faith and for legitimate, lawful business reasons.

**SEVENTH DEFENSE**

The facility in question provides equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy its goods, facilities and services.

DC:1151487v1

**EIGHTH DEFENSE**

Plaintiff lacks standing to bring the claim asserted against Washington Sports.

**NINTH DEFENSE**

Assuming solely _arguendo_ that any barriers as alleged do exist, their removal is not readily achievable in whole or in part.

**TENTH DEFENSE**

The alleged deficiencies asserted in the Complaint are not required to be corrected by applicable law because to do so would constitute an undue burden or would be structurally impracticable in whole or in part.

**ELEVENTH DEFENSE**

Plaintiff may not state a claim nor seek relief as to policy matters as he has not pled any facts to support such a claim or any such relief.

**TWELFTH DEFENSE**

Defendant Washington Sports reserves the right to assert additional affirmative or other defenses with regard to Plaintiff's claim.

**WHEREFORE**, Defendant Washington Sports respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that it be awarded its fees and costs and such other relief as the Court may deem appropriate.

Dated:  October 16, 2007                  Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

/s/ Frank C. Morris, Jr.
Frank C. Morris, Jr., Esq.
District of Columbia Bar No. 211482
1227 25th Street, N.W.
Washington, D.C. 20037
(202) 861-0900
_Attorney for Defendant Washington Sports &_
_Entertainment, Inc._

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of October, 2007, I served a copy of the foregoing

Answer electronically through the Court's Electronic Court Filing system to:

> Joel Zuckerman, Esq.
> Maxwell & Barke LLC
> 51 Monroe Street, Suite 806
> Rockville, MD 20850
> Counsel for Plaintiff

>      and

> Steven T. Cain, Esq.
> 15051 Marlboro Pike
> Upper Marlboro, MD  20772
> Counsel for Defendant GT Capitol, LLC

> <u>/s/ Frank C. Morris, Jr.</u>
> Frank C. Morris, Jr., Esq.
> D.C. Bar No. 211482