**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

David C. Sharp,                                    :

        Plaintiff,                                :

        v.                                        :            Case No. 1:07-CV-01627

Washington Sports and                              :
Entertainment, Inc. et al.

        Defendants.                               :

**PLAINTIFF'S RULE 15(a) MOTION TO FILE AN AMENDED COMPLAINT**

The Plaintiff files this Rule 15(a) Motion to File an Amended Complaint to correct a misnomer with respect to defendant, Washington Sports and Entertainment, Inc.  The proper name of defendant is Washington Sports and Entertainment, L.P., which is a limited partnership, and not a corporation.

This motion is filed with the consent of defendants in this case, who have previously advised undersigned counsel that they do not object to the relief sought herein.

Accordingly, plaintiff respectfully requests that the Court enter an order granting this motion, and accept for filing the amended complaint, which, pursuant to LcvR 15.1, is attached hereto as Exhibit "A".

Respectfully submitted,

_____/s/_____

Joel Zuckerman, Esq.
District of Columbia Bar No. 480152
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone:  (301) 309-8300
 Facsimile:   (301) 309-8303
*Attorneys for the plaintiff*

**Certificate of Service**

        I hereby certify that on this   14th day of November, 2007, a true and correct copy of the foregoing was sent via this Court's ECF system to all counsel of record who have appeared in this case, namely:

Steven Cain, Esq.
Counsel for GT Capitol, Inc.

and

Frank C. Morris, Jr.
Counsel for Washington Sports and
Entertainment, Inc.

_____/s/_____

Joel R. Zuckerman

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

David C. Sharp,                          :

       Plaintiff,                      :

       v.                              :          Case No. 1:07-CV-01627

Washington Sports and                    :
Entertainment, Inc. et al.

       Defendants.                     :


**AMENDED COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

Jurisdiction and Venue

1.      This is an action for declaratory and injunctive relief, under the Americans With

Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits

discrimination against persons with disabilities with regard to their full enjoyment of and

access to places of public accommodations.

2.      The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and

1343, as a case arising under a federal civil rights law.

3.      Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that

all material events occurred within the Court's assigned geographical area.

Parties

4.      Plaintiff, David Sharp ("Sharp"), is an adult resident of Maryland, and an

individual with a disability substantially limiting a major life activity, covered by the ADA, in

that he is a quadriplegic and a stroke survivor and uses a wheelchair for mobility.

1

5.      Defendant, GTCapitol, LLC is a Maryland limited liability company doing business in the District of Columbia, and the owner and operator of a bar and restaurant known as the Greene Turtle Sports Bar and Grille (the "Restaurant"), located at 601 F Street, NW, Washington D.C..

6.      Defendant, Washington Sports & Entertainment, L.P., is a District of Columbia limited partnership, and the owner and operator of a sports arena and complex known as the Verizon Center ("Arena"), within which the Restaurant is located.

### The Restaurant and Arena are Public Accommodations

7.      The Restaurant and Arena are places of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(B).

### ADA Prohibition of Discrimination by Public Accommodations

8.      Title III of the ADA  prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation, including a failure to design or construct facilities for first occupancy later than January of 1993, that are readily accessible to and usable by individuals with disabilities (42 U.S.C. §12183(a)(1)), and/or by failing to remove architectural barriers that are structural in nature in existing facilities (42 U.S.C. §12182(b)(2)(a)(iv)).

### Architectural Barriers to Access

9.      There are architectural barriers at the Restaurant and Arena, which include but are not limited to the following:

2

    a)       A lack of accessible seating positions provided in the bar area of the Restaurant;

    b)       The force required to operate the entry door to the men's toilet room in the Restaurant is in excess of 5 lbs.

    c)       No knee clearance provided at the common use lavatory within the men's toilet room at the Restaurant;

    d)       An "accessible" toilet stall in the men's toilet room at the Restaurant is too narrow.

10.     By failing to construct the Restaurant and Arena so that it is readily accessible to and usable by individuals with disabilities, and by failing to remove existing architectural barriers, defendants have discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Restaurant and Arena, in violation of Title III of the ADA.

### Failure to Design
### and/or Construct Readily Accessible
### Public Accommodation : Unlawful Discrimination

11.     Defendants have failed to design and/or construct the Restaurant and Arena so that each is readily accessible to and usable by people with disabilities covered by Title III of the ADA, in violation of §42 U.S.C. 12183(a)(1).

### Failure to Remove Barriers and/or
### Modify Policies:  Unlawful Discrimination

12.     Defendants have failed to remove the above mentioned architectural barriers at the Restaurant and Arena to afford full and equal access and enjoyment of the Restaurant and Arena by persons with disabilities covered by Title III of the ADA, in violation of §42 U.S.C. 12182(b)(2)(A).

Standing:
Sharp's Visit and Intention to
Return to the Restaurant and Arena

13.     Sharp has visited the Restaurant and Arena, and has eaten there,

but was injured because his full and equal enjoyment of the Restaurant and Arena was denied

and  curtailed by the presence of the architectural barriers set forth above.

14.     Sharp intends and desires to visit the Restaurant and Arena again.

WHEREFORE, Sharp demands judgment against defendants, and requests:

A.     That the Court declare that the place of public
accommodations at issue in this case, to wit, the Greene
Turtle Sports Bar and Grille and Arena,  owned, leased
and/or operated by defendants are not readily accessible to
Sharp in violation of the ADA;

B.     That the Court enter an order directing defendants to alter
and renovate the place of public accommodation at issue in
this case, to wit, the Greene Turtle Sports Bar and Grille,
and Arena, to make them readily accessible to and usable by
individuals with disabilities to the full extent required by the
ADA;

C.     That the Court enter an order directing the defendants to
evaluate and neutralize their policies, practices and
procedures toward persons with disabilities, for such
reasonable time so as to allow them to undertake and
complete the alterations and renovations at the place of
public accommodation at issue in this case, to wit, the
Greene Turtle Sports Bar and Grille, and Arena;

D.     That the Court award reasonable attorneys' fees, litigation
costs (including expert fees) and other expenses of suit, to
Sharp; and

E.     That the Court award such other and further relief as
it deems necessary, just and proper.

4

Respectfully submitted,

_____/s/_____

Joel Zuckerman, Esq.
District of Columbia Bar No. 480152
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone:  (301) 309-8300
Facsimile:    (301) 309-8303
*Attorneys for the plaintiff*

## Certificate of Service

I hereby certify that on this __14th__ day of November, 2007, a true and correct copy of the foregoing was sent via this Court's ECF system to all counsel of record who have appeared in this case, namely:

Steven Cain, Esq.
Counsel for GT Capitol, Inc.

and

Frank C. Morris, Jr.
Counsel for Washington Sports and
Entertainment, Inc.

_____/s/_____
Joel R. Zuckerman

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

David C. Sharp,                          :

       Plaintiff,                       :

       v.                                :          Case No. 1:07-CV-01627

Washington Sports and                    :
Entertainment, Inc. et al.

       Defendants.                      :

**ORDER**

Upon consideration of plaintiff's Rule 15(a) Motion to Amend the Complaint, and there being no opposition thereto, it is, on this _____ day of _____, 2007, by the United States District Court for the District of Columbia, hereby:

ORDERED, that plaintiff's motion is granted; and it is further

ORDERED, pursuant to LCvR 15.1, the amended plading shall be deemed to have been filed and served by mail as of the date of this Order.

_____
Judge, United States District Court for the
District of Columbia

Copies to:

Joel R. Zuckerman, Esq.
Steven T. Cain, Esq.
Frank Morris, Jr. Esq.

1