IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David C. Sharp,                    :

      Plaintiff,             :

      v.                      :        Case No. 1:07-CV-01627

Washington Sports and              :
Entertainment, Inc. et al.

      Defendants.            :

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2. The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3. Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4. Plaintiff, David Sharp ("Sharp"), is an adult resident of Maryland, and an individual with a disability substantially limiting a major life activity, covered by the ADA, in that he is a quadriplegic and a stroke survivor and uses a wheelchair for mobility.

1

5. Defendant, GTCapitol, LLC is a Maryland limited liability company doing business in the District of Columbia, and the owner and operator of a bar and restaurant known as the Greene Turtle Sports Bar and Grille (the "Restaurant"), located at 601 F Street, NW, Washington D.C..

6. Defendant, Washington Sports & Entertainment, L.P., is a District of Columbia limited partnership, and the owner and operator of a sports arena and complex known as the Verizon Center ("Arena"), within which the Restaurant is located.

### The Restaurant and Arena are Public Accommodations

7. The Restaurant and Arena are places of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(B).

### ADA Prohibition of Discrimination by Public Accommodations

8. Title III of the ADA prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation, including a failure to design or construct facilities for first occupancy later than January of 1993, that are readily accessible to and usable by individuals with disabilities (42 U.S.C. §12183(a)(1)), and/or by failing to remove architectural barriers that are structural in nature in existing facilities (42 U.S.C. §12182(b)(2)(a)(iv)).

### Architectural Barriers to Access

9. There are architectural barriers at the Restaurant and Arena, which include but are not limited to the following:

a) A lack of accessible seating positions provided in the bar area of the Restaurant;

b) The force required to operate the entry door to the men's toilet room in the Restaurant is in excess of 5 lbs.

c) No knee clearance provided at the common use lavatory within the men's toilet room at the Restaurant;

d) An "accessible" toilet stall in the men's toilet room at the Restaurant is too narrow.

10. By failing to construct the Restaurant and Arena so that it is readily accessible to and usable by individuals with disabilities, and by failing to remove existing architectural barriers, defendants have discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Restaurant and Arena, in violation of Title III of the ADA.

Failure to Design
and/or Construct Readily Accessible
<u>Public Accommodation : Unlawful Discrimination</u>

11. Defendants have failed to design and/or construct the Restaurant and Arena so that each is readily accessible to and usable by people with disabilities covered by Title III of the ADA, in violation of §42 U.S.C. 12183(a)(1).

Failure to Remove Barriers and/or
<u>Modify Policies: Unlawful Discrimination</u>

12. Defendants have failed to remove the above mentioned architectural barriers at the Restaurant and Arena to afford full and equal access and enjoyment of the Restaurant and Arena by persons with disabilities covered by Title III of the ADA, in violation of §42 U.S.C. 12182(b)(2)(A).

Standing:<br>
Sharp's Visit and Intention to<br>
<u>Return to the Restaurant and Arena</u>

13.    Sharp has visited the Restaurant and Arena, and has eaten there, but was injured because his full and equal enjoyment of the Restaurant and Arena was denied and curtailed by the presence of the architectural barriers set forth above.

14.    Sharp intends and desires to visit the Restaurant and Arena again.

WHEREFORE, Sharp demands judgment against defendants, and requests:

    A.    That the Court declare that the place of public accommodations at issue in this case, to wit, the Greene Turtle Sports Bar and Grille and Arena, owned, leased and/or operated by defendants are not readily accessible to Sharp in violation of the ADA;

    B.    That the Court enter an order directing defendants to alter and renovate the place of public accommodation at issue in this case, to wit, the Greene Turtle Sports Bar and Grille, and Arena, to make them readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

    C.    That the Court enter an order directing the defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete the alterations and renovations at the place of public accommodation at issue in this case, to wit, the Greene Turtle Sports Bar and Grille, and Arena;

    D.    That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Sharp; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

/s/
Joel Zuckerman, Esq.
District of Columbia Bar No. 480152
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone: (301) 309-8300
Facsimile: (301) 309-8303
*Attorneys for the plaintiff*

### Certificate of Service

I hereby certify that on this __14th__ day of November, 2007, a true and correct copy of the foregoing was sent via this Court's ECF system to all counsel of record who have appeared in this case, namely:

Steven Cain, Esq.
Counsel for GT Capitol, Inc.

and

Frank C. Morris, Jr.
Counsel for Washington Sports and Entertainment, Inc.

/s/
Joel R. Zuckerman